165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eddie MCCLENTON, Plaintiff-Appellant,
v.
Kay MCGUIRE, et al., Defendants-Appellees.
 No. 97-1865.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1998.*
Decided Nov. 23, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 96-C-451-C. Barbara B. Crabb, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Wisconsin prisoner Eddie McClenton claims that he was sexually assaulted by his cellmate in July 1995. He filed a complaint under 42 U.S.C. § 1983 alleging that personnel at the Columbia Correctional Institution (CCI) had violated his Eighth Amendment rights by not protecting him from the attack. The district court granted the defendants' motion for summary judgment. We affirm.
 
 I.
 
 2
 Due to overcrowding at the prison, CCI sometimes places two prisoners in a cell. CCI evaluates each inmate to determine whether he is suitable for "double celling." In making this determination, CCI evaluates a number of factors, including the inmate's record of assaultive or extremely aggressive behavior, his history of overt and/or problematic homosexual behavior, whether he has ever attempted to escape and his vulnerability to attack.
 
 
 3
 McClenton was transferred to CCI in October 1993. While there he suffered frequent seizures lasting from three to 20 minutes. McClenton attempted suicide on several occasions. After reviewing McClenton's record, CCI approved him for double celling in July 1994. CCI policy deemed double celling safer for McClenton because a cellmate would be able to alert prison officials if he suffered a seizure or attempted suicide.
 
 
 4
 On June 29, 1995, CCI moved McClenton into a cell with Anthony Davis. CCI originally had approved Davis for double celling when he was admitted to the facility in December 1994. A review of Davis' continued suitability for double celling, conducted a few days before he was housed with McClenton, did not reveal any security concerns. On July 2, 1995, McClenton reported that Davis sexually assaulted him while he was having a seizure.
 
 
 5
 McClenton filed this lawsuit against Kay McGuire, unit manager of the special management complex at CCI; Richard Schneiter, security director at CCI; and Mark Kohn, a social worker for the special management complex at CCI In his complaint, McClenton alleges that due to his frequent seizures he faced an obvious, substantial risk of sexual assault. He also alleges that the defendants knew Davis had a history of deviant sexual behavior and that he had sexually assaulted other inmates. The district court granted summary judgment for the defendants, because, in response to their motion, McClenton failed to produce any evidence that the defendants were aware that he was in danger of being sexually assaulted McClenton filed a timely notice of appeal.
 
 II.
 
 6
 This court reviews the district court's grant of summary judgment de novo. Patterson v. Chicago Ass'n for Retarded Citizens, 150 F.3d 719, 723 (7th Cir.1998). "The party moving for summary judgment must establish that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law" Langston v. Peters, 100 F.3d 1235, 1237 (7th Cir.1996). To survive the motion for summary judgment, the opposing party cannot rest on his pleadings, but must come forward with facts " 'sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." ' Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986))
 
 
 7
 The Eighth Amendment imposes a duty on prison officials to protect prisoners from attacks by other prisoners. Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, not every attack one inmate perpetrates on another raises the specter of a constitutional violation. Luttrell v. Nickel, 129 F.3d 933, 935 (7th Cir.1997). "Rather, an Eighth Amendment violation exists only if 'deliberate indifference by prison officials effectively condones the attack by allowing it to happen." ' Langston, 100 F.3d at 1237 (citation omitted). "Deliberate indifference" means recklessness in a criminal, subjective sense; that is, disregarding a risk of danger so substantial that knowledge of the danger can be inferred. James v. Milwaukee County, 956 F.2d 696, 700 (7th Cir.1992). "Such disregard is tantamount to intending that the injury occur." Id. In order to prevail on a § 1983 claim for failing to protect, an inmate must show that the defendants knew of the danger. Usually, a prisoner proves knowledge of the impending harm by demonstrating that he alerted prison officials to an identifiable threat to his safety. See Farmer, 511 U.S. at 848. Alternatively, he can show the existence of so substantial a risk of harm that the defendants' knowledge of the risk can be inferred. See Id.
 
 
 8
 To refute McClenton's allegation that the defendants' knew he faced an obvious, substantial risk of sexual assault because of his frequent seizures, the defendants presented evidence that CCI policy encouraged prison officials to double cell an inmate afflicted with seizures so that his cellmate could summon help and move objects out of the way to lessen the likelihood of injury. Moreover, the defendants also produced evidence that never before had a CCI inmate who was prone to seizures complained that his cellmate had sexually assaulted him during a seizure. According to the defendants' evidence, CCI does view some inmates as particularly vulnerable to attack, but inmates with a history of seizures do not fall into this category. Farmer instructs that to prove that a risk is obvious a prisoner must show the risk to have been long-standing, pervasive, well-documented, or that it has been expressly noted by prison officials in the past. 511 U.S. at 842. In this case, there is no evidence that the defendants had any inkling that an inmate suffering from seizures would be at substantial risk of sexual assault.
 
 
 9
 In support of their motion for summary judgment, each defendant averred that prior to the alleged assault McClenton never advised them that Davis had made sexual advances or threats to him, and that McClenton never asked to be moved to another cell due to safety concerns. McClenton offered no evidence to the contrary.
 
 
 10
 Lastly, with respect to Davis, although the record shows that he was previously convicted of battery, and second and third degree sexual assault on a child, defendants presented evidence that while incarcerated Davis had never before attacked another inmate or a prison staff member. Defendants also pointed to evidence in the record that, as part of the procedure for double celling, CCI evaluated Davis for overt or problematic homosexual behavior. Again, McClenton did not come forward with any evidence establishing a genuine factual dispute about the defendants' knowledge of Davis' violent tendencies.
 
 
 11
 Because McClenton failed to point to evidence sufficient to establish a pending dispute of material fact regarding whether the defendants knew he faced a substantial risk of violence, the district court properly granted summary judgment to the defendants. Accordingly, we AFFIRM.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)