165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Oscar LANE, Plaintiff-Appellant,
v.
Dorothy MATTER, Merilyn Sia, Sue Ellen Switzer, et al.,
Defendants-Appellees.
 No. 98-1010.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1998.*
Decided Dec. 9, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 96 CV 2078. Harold A. Baker, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. ILANA DIAMOND ROVNER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Oscar Lane, an inmate at the Danville Correctional Center ("Danville"), brought this suit pro se under 42 U.S.C. § 1983 claiming that members of the Danville medical staff acted with deliberate indifference to his serious medical needs when treating a buildup of wax in his ears. The district court granted summary judgment in favor of the defendants. We affirm.
 
 
 2
 Lane suffers from a medical condition that causes abnormally severe buildup of wax in his ear canal. If not removed, this excess wax may obstruct the ear canal and cause hearing loss, skin irritation, and inflammation. Thus, on March 16, 1995, when Lane complained of wax buildup to the Health Care Unit, a nurse who is not a defendant ordered a regimen of ear drops twice daily for several days after which the wax would be removed. When Lane reported the next day for ear drops, however, Nurse Dorothy Matter decided that the wax should be removed then. Nurse Sue Ellen Switzer irrigated Lane's right ear with a water and hydrogen peroxide solution and extracted two large pieces of wax. Lane complained that this procedure was painful and requested that it be stopped. Nurse Switzer responded that the procedure was known to be painful. She completed the procedure on Lane's right ear but did not perform it on his left ear because of Lane's continued protests. Some time during the procedure, Nurse Merilyn Sia briefly entered the room but did not participate in Lane's treatment. After irrigating Lane's right ear, Nurse Matter noticed that a small amount of blood and wax remained. She could not see Lane's eardrum.
 
 
 3
 The next morning Lane again complained to the Health Care Unit that he was experiencing pain, dizziness, and continued bleeding. Another nurse who is not a defendant suspected that Lane's eardrum might have been perforated and admitted him to the infirmary. Lane was given pain medication and closely monitored for the next two days. After he was released, Lane continued to suffer some pain in his ear.
 
 
 4
 On March 31, 1995, Lane filed an "emergency grievance" concerning the March 17 ear wax treatment. When contacted as part of the grievance investigation, Lanette Cannady, the Health Care Unit Administrator, told the investigating officer of Lane's medical history and that he was receiving ongoing treatment. Based on this information, the officer recommended no action be taken on Lane's grievance. Lane then contacted Larry Hewitt, the Health Care Coordinator for the southern region of the Illinois Department of Corrections (DOC). Hewitt replied that he had found in Lane's file the results of an April 27, 1995, medical evaluation that showed Lane no longer was experiencing dizziness or pain in his ear, that his hearing was normal, and that his eardrum was intact.
 
 
 5
 On August 10, 1995, an ear, nose, and throat specialist examined Lane and ascertained that his eardrum was not perforated and that his pain was caused instead by Temporal Mandibular Joint Pain (TMJ). The specialist theorized that the bleeding in Lane's ear resulted from abrasions to the skin caused by wax being forced through the ear canal. A subsequent report from Dr. Harry Shuman, the Agency Medical Director for the DOC, concluded that bleeding caused by the abrasion of wax in the ear canal is common, that Lane's medical charts showed no damage to his eardrum, and that Lane had begun receiving treatment for TMJ.
 
 
 6
 Lane filed his complaint under 42 U.S.C. § 1983 against Matter, Switzer, Sia, Cannady, Hewitt, and Shuman. The defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6). The district court converted this motion into one for summary judgment, which it then granted in favor of the defendants. Specifically, the court found that Lane had not demonstrated a "serious medical need" and that, even assuming otherwise, Lane had offered no evidence raising an inference that the defendants had been deliberately indifferent to his condition.
 
 
 7
 We review a district court's grant of summary judgment de novo. Tesch v. County of Green Lake, 157 F.3d 465, 471 (7th Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To preclude summary judgment, the responding party must come forward with facts "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In determining whether any genuine issue of material fact exists, we must read all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Tesch, 157 F.3d at 471.
 
 
 8
 Prison officials violate the Eighth Amendment "when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners." ' Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir.1997) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The deliberate indifference standard contains both objective and subjective elements. Gutierrez, 111 F.3d at 1369. In the context of medical care, the objective element requires that the inmate's medical need be sufficiently serious. Id. The subjective element requires that the official be aware of the inmate's medical needs and realize that these medical needs pose a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
 
 
 9
 We agree with the district court that Lane did not demonstrate an injury sufficiently serious to meet the objective element of this test. In Estelle, the Supreme Court acknowledged that unnecessary pain and suffering, if sufficiently serious, may give rise to an Eighth Amendment claim, even where it does not amount to "torture" or "lingering death." Estelle, 429 U.S. at 103. Though no doubt unpleasant, pain as temporary and minor as that Lane experienced is not sufficient to meet the Estelle standard. See, e.g., Snipes v. DeTella, 95 F.3d 586, 591 n. 1 (7th Cir.1996) (unheeded request for local anaesthetic during toenail removal did not constitute a "serious medical need"), cert. denied, 519 U.S. 1126, 117 S.Ct. 980, 136 L.Ed.2d 863 (1997). Although Lane argues in his brief that he suffered damage to his eardrum, the exhibits he attached to his fourth amended complaint demonstrate the opposite. The only other harms Lane alleges are the temporary pain he experienced during the irrigation treatment; the bleeding that, for the few days it lasted, was monitored and treated by the medical staff; and the unrelated pain later attributed to TMJ. We have held that a serious medical condition for Eighth Amendment purposes is one that "may be life threatening or pose a risk of needless pain or lingering disability if not treated at once." Davis v. Jones, 936 F.2d 971, 972 (7th Cir.1991). Lane's injuries, which fall well below this standard, do not meet the objective requirement of deliberate indifference.
 
 
 10
 Regardless of the seriousness of his condition, Lane is not entitled to relief under § 1983 because he offered no evidence that any of the defendants were deliberately indifferent to his medical needs. Lane acknowledges that he received a continuing course of treatment for his ear problems. He simply contends that his treatment was negligently administered. We have frequently stated that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." Gutierrez, 111 F.3d at 1374. Furthermore, " '[m]ere negligence or even gross negligence does not constitute deliberate indifference ." ' Soto v. Johansen, 137 F.3d 980, 981 (7th Cir.1998) (quoting Snipes, 956 F.3d at 590). Thus Lane's claim does not meet the subjective element of deliberate indifference either.
 
 
 11
 Finally, Lane claims that the district court erred in denying him the assistance of counsel. This court reviews a district court's denial of a motion for appointment of counsel for an abuse of discretion. Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir.1997). Because civil litigants do not have a constitutional or statutory right to counsel, district courts use their discretion under 28 U.S.C. § 1915(e) when deciding whether or not to request attorneys to represent indigent parties. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995). When deciding whether the district court abused its discretion in denying Lane appointed counsel, the necessary inquiry is whether, "given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?" Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993). Because an attorney would not have been able to create an Eighth Amendment claim from the harms Lane alleges, the district court did not abuse its discretion in denying Lane's request for counsel.
 
 
 12
 For the foregoing reasons, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)