MANTON, Circuit Judge,
dissenting.
While I agree with my colleagues that our review of this case could be enhanced by a further statement from the district court of its reasons for granting summary judgment, this case can be decided as it stands on at least two grounds established on the present record.
First, because the First Amendment protects the exchange of ideas and not simple actions, Klein was required to create a genuine issue as to whether moving files between offices was expressive conduct. Smith v. Goguen, 415 U.S. 566, 586, 415 U.S. 566, 39 L.Ed.2d 605 (1974) (the First Amendment ‘‘applies to speech and not to conduct without substantial communicative intent and impact.”). Courts have held that a variety of acts constitute expressive conduct — from burning draft cards and flags to wearing armbands — but there appears to be no precedent that says moving files from one room to another constitutes expressive conduct. Of course, the test does not depend solely on the type of action involved, but on the intent of the actor and the likelihood that others will perceive the message which inheres in the action. Texas v. Johnson, 491 U.S. 397, 404, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989) (“In deciding whether particular conduct possesses sufficient communicative elements to bring the'First Amendment into play, we have asked whether an intent to convey a particularized message was present, and whether the likelihood was great that the message would be understood by those who viewed it.”). Klein concedes in her appellate brief that her intent in moving the documents was not expressive, but rather protective — she was afraid that the files would be destroyed. App. Br. at 10. And unlike wearing an armband or burning a flag, it seems unlikely that anyone who saw Klein and Schute carrying files— an act which regularly occurs in most office settings — would have perceived this conduct as conveying any message, much less a statement addressing matters of public concern. This brings us to Klein’s next hurdle.
Even if we assume that moving files can be expressive conduct, Klein was then required to show that there was a genuine issue concerning whether: (1) the speech addressed a matter of public concern; and (2) any First Amendment interests in the matter were not outweighed by the state’s interests in promoting the efficiency of its public services. Pickering v. Board of Educ., 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); Bonds v. Milwaukee County, 207 F.3d 969, 979 (7th Cir.2000). Assuming further that Klein’s conduct addressed a matter of public concérn rather than her own interests, she didn’t make the showing as required at the summary judgment stage that this interest is greater than the Social Services Administration’s need to have the files available for examination by investigators and its need for efficiency, discipline, and harmony in the work environment. See Kokkinis v. Ivkovich, 185 F.3d 840, 845 (7th Cir.1999).
Although Klein is pro se on appeal, she was represented by counsel before the district court. Thus she had adequate opportunity to make her case by presenting facts showing that what appeared to be rather routine conduct was instead protected speech involving matters of public concern. No doubt had she presented the same bundle of files to the offices of the FBI or the U.S. Attorney, a .full explanation of reasons would be necessary before acceptance by either agency. Because Klein failed to create genuine issues as to whether her actions were expressive conduct or whether her interests outweighed those of the state, and because either defect is fatal to her case, summary judgment was proper.
That being said, although the case will be remanded for further proceedings, it is not necessary that the district court appoint counsel on remand. Civil litigants have neither a constitutional nor statutory *577 right to appointed counsel. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995). While 28 U.S.C. § 1915(e)(1) permits district courts to assign counsel to the indigent, Klein does not claim indigence, making section 1915(e)(1) inapplicable. As to other bases for appointing counsel, those are left to the sound discretion of the trial court, and we should not invade this domain lightly. Id. Furthermore, before the district court can exercise its discretion to appoint counsel, it should consider whether: (1) the litigant seeks an appointment of counsel; (2) the litigant made a reasonable attempt to again secure private counsel; (3) other measures short of appointing counsel are appropriate; (4) the case is so difficult that it merits such an appointment; and (5) an appointment of counsel would provide a substantial benefit to the court or the parries. Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir.1997); Donald v. Cook County Sheriff’s Dept. 95 F.3d 548, 554 n. 1 (7th Cir.1996); Zarnes, 64 F.3d at 288. The record does not indicate that any of these factors compels the appointment of counsel in this case. Rather, from Klein’s pro se brief we see that she is cognizant of the applicable cases and the relevant facts, and her case fails simply because she has no claim, and not because of some shortcoming in the litigation process. As noted, before the district court Klein was represented by two attorneys. And the mere fact that Klein’s case could not withstand a motion for summary judgment should not call into question their competence. But even if there were a legitimate reason for appointing counsel, I would leave that decision entirely to the sound discretion of the district court.