574

Gloria MORENO, Plaintiff–Appellant,

v.

The METHODIST HOSPITALS,
INC., Defendant–Appellee.

No. 99–4180.

United States Court of Appeals,
Seventh Circuit.

Submitted March 12, 2001.*

Decided March 13, 2001.

Rehearing en Banc Denied
April 12, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, KANNE,° and ROVNER, Circuit Judges.

## ORDER

Pro se litigant Gloria Moreno made it to trial on her claim that her former employer, The Methodist Hospitals, Inc., violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, but once at trial she refused to submit to cross-examination after testifying on direct as her first witness. Unable to persuade Moreno to answer questions from defense counsel, the district court entered judgment for Methodist. Moreno appeals, arguing that by imposing this sanction and rejecting her earlier request for appointed counsel the district court abused its discretion. We affirm.

Moreno originally filed her complaint pro se in 1995, citing discrimination based on race, color, religion, and national origin. At the time, she also moved for appointed counsel, and the district court enlisted attorney Jeff J. Shaw to represent her. But Shaw never appeared because in the meantime Moreno retained two private attorneys. As a result, the district court vacated its order appointing Shaw. In April 1996, Moreno amended her complaint, substituting an ADA claim and a state-law slander claim. By October 1996, however, Moreno's private attorneys had withdrawn, and when Methodist moved for summary judgment in November 1996, the district court reappointed Shaw, reopened discovery, and extended the deadline for Moreno to respond to the motion for summary judgment.

In March 1998 the district court granted summary judgment for Methodist on the slander claim and set the remaining ADA claim for a jury trial in September, with the final pretrial conference scheduled for September 3, 1998. By that date, however, Shaw reported that Moreno had refused to accept his settlement advice and was generally uncooperative. The district court again allowed Shaw to withdraw and postponed the trial for two weeks in order for Moreno to retain another attorney or prepare to proceed pro se.

Two weeks turned into nine months as Moreno continued to request more time, but eventually the district court set a new trial date of June 17, 1999. The court dismissed with prejudice when Moreno failed to appear on that date but later reopened the case and set a September 29, 1999, trial date after she twice moved for reconsideration.

When that date arrived Moreno was still without counsel but announced she was ready for trial. She filed several pretrial motions, including a motion asking that she be exempted from cross-examination. That motion was denied, and after the jury was empaneled, Moreno began her presentation of evidence, consisting of her direct testimony, which concluded after two-and-a-half days. When defense counsel began his cross-examination, Moreno refused to answer any questions, other than a few preliminary details. When Moreno failed to answer further questions, the district court entered judgment for Methodist.

Moreno asserts this sanction was unwarranted, but she failed to order the trial transcripts that would be essential for us to properly review this issue. The burden of producing a sufficient appellate record rests with Moreno, *see Trotter v. Klincar*, 748 F.2d 1177, 1184 n. 8 (7th Cir.1984), and because she failed to obtain any trial transcripts, we could dismiss this appeal

on that ground alone, *see Woods v. Thieret,* 5 F.3d 244, 245 (7th Cir.1993).

■ Even if we do look to the merits of this issue, we could not find the district court abused its discretion. The parties agree that after Moreno presented her only evidence-her direct testimony-she refused to answer any substantive questions during cross-examination. And from the limited record before us we note that Moreno well knew before trial started that she was not going to be immune from cross-examination, since her pretrial motion asking for that relief had been denied. In that respect Moreno's refusals to answer were made in open disregard of the court's order, and we have previously held that dismissal is a permissible sanction after the willful and deliberate failure to obey a court order. *See* Fed.R.Civ.P. 41(b); *Kruger v. Apfel,* 214 F.3d 784, 787 (7th Cir.2000); *Long v. Steepro,* 213 F.3d 983, 986 & n. 3 (7th Cir.2000). Also considering Moreno's history of dilatory tactics, including having her case dismissed previously for failing to appear on the scheduled trial date and a year-long series of continuances that prevented the case from going to trial, we cannot conclude that the district court abused its discretion by entering judgment for Methodist when Moreno refused to answer cross-examination questions.

■ Furthermore, Moreno is incorrect when she assumes that she was entitled to court-appointed representation after Shaw withdrew for the second time. A civil litigant does not have any right to an appointed attorney. *See Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir.1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995). In reviewing the district court's decision not to appoint counsel for the third time, we consider whether Moreno attempted to hire private counsel, whether her case was too complex for her to handle on her own,

and whether appointing counsel would have benefitted the court or the parties. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir.1997). Nothing before us suggests that Moreno attempted to hire an attorney during the year-long continuance before trial, even though she already had demonstrated her ability to retain two private attorneys. Nor can we say that the issues in the case were too complex for Moreno to handle herself, considering she was able to conduct jury selection, file pretrial motions, and present her direct testimony. Moreover, since both Moreno's court-appointed attorney and her private attorneys sought to withdraw because she was unwilling to work productively with them, bringing yet another lawyer into the case would not have benefitted the court or the parties.

Accordingly, the judgment of the district court is AFFIRMED.