**Bobby Ray LONG, Jr., Plaintiff–Appellant,**

v.

**Tom STEEPRO, et al., Defendants–Appellees.**

No. 00–3039.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 17, 2001.*

Decided Nov. 1, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY, RIPPLE, and WILLIAMS, Circuit Judges.

### ORDER

Bobby Ray Long, Jr., a former prisoner of Indiana State Prison, sued various prison officials under 42 U.S.C. § 1983, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from another inmate. Mr. Long also alleged that the defendants re-taliated against him because he exercised his right of access to the courts by filing this lawsuit. The district court granted summary judgment in the defendants' favor. While we affirm the grant of summary judgment on the Eighth Amendment claim, we conclude that there is a genuine issue of material fact regarding Mr. Long's retaliation claim. We thus affirm in part, vacate in part, and remand the case for further proceedings.

### I. Background

In August 1997 Mr. Long requested to be placed on "monitoring status," claiming that another inmate, Danny Adams, had threatened his life. The defendants investigated the threat, but declined Mr. Long's request because prison staff did not witness the threat. In their report denying the request, the defendants noted the animosity between the two inmates, but concluded that the "unit team should be able to separate these individuals to reduce contact." Nevertheless, the defendants offered to place Mr. Long in protective custody, but Mr. Long declined. The defendants did, however, separate Mr. Long from Adams by transferring Mr. Long to a separate cellhouse.

Despite his transfer to another cellhouse, Mr. Long claims that Adams attacked him in October 1997 when he was returning to his housing unit from the dining hall. The record does not specify how the attack occurred or how the two inmates were able to come into contact with each other. The Conduct Adjustment Board ("CAB") found Mr. Long guilty of fighting, and sentenced him to ninety days in disciplinary segregation. While Mr. Long was segregated, he filed this lawsuit alleging that the defendants failed to protect him from Adams.

After Mr. Long was released from segregation, he appealed the CAB guilty find-

ing to the Indiana Department of Corrections ("DOC"). The DOC reversed the CAB guilty finding because "the evidence reviewed [did] not support the conduct report." Although Mr. Long had been placed in the general population before his fight with Adams, the defendants now transferred him to administrative segregation. Unit Manger Daniel Bodlovich stated in an affidavit that Mr. Long's "documented instances of violence including conduct reports for battery" justified Mr. Long's transfer to administrative segregation.

After the defendants transferred Mr. Long to administrative segregation, Mr. Long amended his complaint to include claims of retaliation and cruel conditions of confinement. The district court initially dismissed Mr. Long's suit because he failed to file his lists of witnesses and exhibits by the deadline set in the scheduling order. Mr. Long appealed the dismissal and we reversed, holding that Mr. Long's failure to timely file his evidentiary lists did not warrant dismissal. *Long v. Steepro*, 213 F.3d 983 (7th Cir.2000). On remand the district court granted summary judgment in the defendants' favor, addressing only Mr. Long's Eighth Amendment claims and holding that the "record does not show a deliberate indifference to a protectable liberty interest of this prisoner."

## II. Analysis

We evaluate the record in the light most favorable to Mr. Long, drawing all reasonable inferences from those facts in his favor. *Outlaw v. Newkirk*, 259 F.3d 833, 836 (7th Cir.2001). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## A. Eighth Amendment Claim

Mr. Long argues that the district court erred in granting summary judgment because the defendants' refusal to place him on "monitoring status" demonstrates that they were indifferent to the risk Adams posed. The Eighth Amendment requires prison officials to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Lewis v. Richards*, 107 F.3d 549, 552–53 (7th Cir.1997) (quoting *Farmer*). To prevail on a failure-to-protect claim, a prisoner must show that he was incarcerated under conditions presenting a substantial risk of serious harm, and that prison officials acted with deliberate indifference toward that risk. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970; *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir.2001).

To be liable, the prison officials must "actually know[ ] of and disregard[ ] the risk." *Farmer*, 111 U.S. at 837, 4 S.Ct. 698; *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). Officials who take reasonable steps to prevent harm to a prisoner cannot be held liable for subsequent injuries, even if the harm is not averted. *Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997). According to the affidavits of Unit Manager Daniel Bodlovich, Assistant Superintendent of Programs Thomas Steepro, and Supervisor of Classification William Hartley, they investigated Adams's threat, offered to place Mr. Long in protective custody, and, when he refused, transferred him to a separate cellhouse where he had less contact with Adams. Mr. Long admitted those facts in his affidavit in opposition to summary judgment, and he does not offer any evidence to show that the defendants' response was unreasonable. Because Mr. Long failed to submit evidence sufficient to create a genuine issue that the prison officials knew of and

disregarded an excessive risk to his safety, the district court properly granted summary judgment on Mr. Long's Eighth Amendment claim. *See Lewis,* 107 F.3d at 553.

B. Retaliation Claim

Mr. Long next argues that the district court erred in granting summary judgment because it failed to address his retaliation claim. According to that claim, the defendants transferred Mr. Long to administrative segregation in retaliation for exercising his right of access to the courts by filing this lawsuit. Prison officials can be held liable under § 1983 if they retaliate against a prisoner who files a lawsuit against the prison. *Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir.1996). To establish a retaliation claim, the prisoner must set forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir.2000) (quoting *Cain v. Lane,* 857 F.2d 1139, 1143 n. 6 (7th Cir.1988)). "[T]he ultimate question is whether events would have transpired differently absent the retaliatory motive." *Babcock,* 102 F.3d at 275.

The district court should have addressed Mr. Long's retaliation claim. Its failure to do so requires us to remand the case to the district court for consideration of this claim. Furthermore, because the case presents potentially complex issues, we urge the district court, on remand, to consider whether it is necessary to appoint counsel for Mr. Long.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.