Bennie **CUNNINGHAM**,
Plaintiff–Appellant,

v.

Michael F. **O'LEARY**, et al.,
Defendants–Appellants.

No. 00–3729.

United States Court of Appeals,
Seventh Circuit.

Submitted June 26, 2002.*

Decided June 26, 2002.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, RIPPLE and MANION, Circuit Judges.

## ORDER

Illinois prisoner Bennie Cunningham appeals the district court's judgment dismissing his claims of retaliation in violation of the First Amendment and excessive force in violation of the Eighth Amendment. We affirm, but on grounds other than those relied upon by the district court.

In September 1997 Mr. Cunningham filed suit under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights on numerous occasions while he was confined at the Pontiac Correctional Center between October 1995 and September 1996. According to Cunningham, the defendants retaliated against him for his participation as a founding member of the African/African American Cultural Coalition and for his pursuit of grievances and lawsuits, by writing false disciplinary reports, assigning him to a cell by the gun tower, denying him prison jobs and visitation privileges, and ultimately transferring him. In addition, Mr. Cunningham alleged that in August 1996 three of the defendant guards used excessive force in subduing him after he and one of the guards got into an altercation when the guard tried to read Mr. Cunningham's legal papers during a shakedown of his cell. Mr. Cunningham later received a disciplinary conviction for this incident and another for threatening the guard after the confrontation. Finally, Mr. Cunningham alleged that the defendants destroyed his property.

In February 1998 the defendants filed a motion to dismiss Mr. Cunningham's complaint, which the district court initially granted in part. The court dismissed the destruction-of-property claim as frivolous because Mr. Cunningham had an adequate state-law remedy, and concluded that, to the extent Mr. Cunningham was seeking to have his disciplinary convictions overturned, relief was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The court also concluded, however, that Mr. Cunningham properly stated retaliation and excessive-force claims, as well as a state-law claim for battery.

In January 2000 the defendants moved for summary judgment, and both parties submitted briefs and supporting materials. The district court struck the affidavit and statement of disputed facts that Mr. Cunningham submitted to oppose summary judgment because the affidavit was not based on personal knowledge and the statement did not comply with local rules. But the district court, apparently reanalyzing the earlier decision on the defendants' motion to dismiss, concluded that the disciplinary convictions were the "nucleus of the plaintiff's complaint," and because they had not been overturned, the retaliation and excessive-force claims were *Heck*-barred. The court, although dismissing without prejudice, also reasoned that Mr. Cunningham could not in any event succeed on his retaliation claim because he had no constitutionally protected interest in particular cell assignments, prison jobs, visitation, or transfer. Finally, the court declined to exercise supplemental jurisdiction over the state-law claim.

We review the district court's judgment de novo, taking the facts and reasonable inferences in the light most favorable to Mr. Cunningham. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 245, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Copus v. City of Edgerton*, 151 F.3d 646, 648 (1998). On appeal Mr. Cunningham argues that the district court erred in concluding (1) that his claims were *Heck*-barred and (2) that his retaliation claim was without merit because he had no protected interest in the privileges underlying the alleged retaliatory conduct. We agree.

█ Under *Heck,* inmates cannot bring a lawsuit under § 1983 that, if successful, would necessarily imply the invalidity of a conviction that has not been overturned, *see* 512 U.S. at 489–90, and this bar applies to prison disciplinary convictions as well, *see Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). *Heck,* however, does not apply when the § 1983 claim could not implicate the fact or duration of confinement. *See DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir.2000). And because just two of the allegedly false disciplinary convictions resulted in the loss of good-time credits, Mr. Cunningham's retaliation claim would be precluded only to the extent it would imply the invalidity of these convictions. *See Johnson v. Litscher,* 260 F.3d 826, 830–31 (7th Cir.2001). Likewise, Mr. Cunningham's excessive-force claim is not *Heck-*barred simply because he received a disciplinary conviction for the incident. *See Robinson v. Doe,* 272 F.3d 921, 923 (7th Cir.2001).

█ Moreover, Mr. Cunningham's retaliation claim is not without merit just because he had no independent constitutional right relating to cell assignments, prison jobs, visitation, and transfer. What Mr. Cunningham alleged is that the defendants punished him for exercising his First Amendment rights, and whether he enjoyed a liberty or property interest in the privilege at issue is irrelevant. *See, e.g., DeWalt,* 224 F.3d at 618–19 (prison job); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir.1996) (retaliatory transfer).

█ Still, we may affirm the district court's judgment on any ground supported by the record, *see Lawson v. CSX Trans., Inc.,* 245 F.3d 916, 929 (7th Cir.2001); *Bay v. Cassens Transp. Co.,* 212 F.3d 969, 972–73 (7th Cir.2000), and Mr. Cunningham's retaliation and excessive-force claims could not have survived the defendants' motion for summary judgment. In order to survive summary judgment, Mr. Cunningham needed to offer evidence establishing a genuine issue for trial, but he failed to do so. *See Outlaw,* 259 F.3d at 837. Mr. Cunningham's only evidence was his own affidavit, which the district court struck because it was not based on personal knowledge.

Mr. Cunningham argues that striking the affidavit was an abuse of discretion, *see Johnson v. Nordstrom, Inc.,* 260 F.3d 727, 735 (7th Cir.2001), but having examined the 40–page document we conclude otherwise. Though Mr. Cunningham may have possessed personal knowledge of some the events discussed, his statements relating to the retaliation and excessive-force claims constitute nothing more than conjecture about the defendants' intentions and motives. Affidavits, even from pro se litigants, must be based on personal knowledge and relate admissible facts. Fed.R.Civ.P. 56(e); *Markel v. Bd. of Regents,* 276 F.3d 906, 912 (7th Cir.2002); *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir.1999). Mr. Cunningham's affidavit fails to do this.

Once the affidavit was stricken, summary judgment on the retaliation and excessive-force claims was inevitable. To survive summary judgment on the retaliation claim, Mr. Cunningham needed evidence that the defendants harbored a retaliatory motive absent which he would not have received the disciplinary reports, unfavorable cell assignments, and transfer, and would have received the prison jobs and visitation privileges. *Babcock,* 102 F.3d at 275. On the excessive-force claim, he needed evidence that the force was applied "maliciously and sadistically to cause harm" rather than in a "good faith effort to maintain or restore discipline." *Outlaw,* 259 F.3d at 837 (*quoting Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995,

117 L.Ed.2d 156 (1992)). Mr. Cunningham did not have evidence of either; therefore, the defendants were entitled to summary judgment.

 Finally, Mr. Cunningham raises three procedural arguments: that the district court erred (1) in denying his requests for appointment of counsel; (2) in not appointing an expert to examine whether a videotape had been altered; and (3) in denying a request for photographs of certain areas in the prison. We review these decisions for abuse of discretion. *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir.1997) (assistance of counsel); *Ledford v. Sullivan,* 105 F.3d 354, 361 (7th Cir. 1997) (expert witness); *Woods v. City of Chicago,* 234 F.3d 979, 990 (7th Cir.2001) (discovery requests). The court denied the requests for appointment of counsel only after concluding that the case did not raise complex legal or factual issues, and that Mr. Cunningham, who has litigated pro se cases before, was competent to litigate his case—a conclusion supported by the many motions and discovery requests filed by Mr. Cunningham. In these circumstances the court did not abuse its discretion in not appointing counsel. *See Luttrell,* 129 F.3d at 936; *Farmer v. Haas,* 990 F.2d 319, 322–23 (7th Cir.1993). Likewise, the district court did not abuse its discretion in denying Mr. Cunningham's request for a court-appointed expert to examine whether a security-camera videotape he received during discovery had been tampered with, and in denying his request for photographs. Mr. Cunningham has not demonstrated that the expert or the photographs were necessary to prove his claims or explained how either would have helped create a genuine issue of material fact. *See Woods,* 234 F.3d at 990; *Ledford,* 105 F.3d at 361.

Accordingly, the district court's judgment is AFFIRMED.