**Wilfredo MEDIACEJA, Plaintiff–Appellant,**

v.

**Monica HORNER, et al., Defendants–Appellees.**

No. 02–2430.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2003.*

Decided Nov. 24, 2003.

Wilfredo Mediaceja, pro se, Boscobel, WI, for Plaintiff–Appellant.

Mary Batt, Office of the Attorney General, Madison, WI, for Defendants–Appellees.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Wilfredo Mediaceja was injured when Lieutenant Monica Horner and other guards forcibly removed him from his prison cell, and he brought this *pro se* suit under 42 U.S.C. § 1983 to collect damages. Several but not all of the defendants were dismissed on their motion for summary judgment. After a trial at which Mediaceja was unrepresented, the jury returned a verdict absolving Horner and the other remaining defendants of liability. Mediaceja appeals, and we affirm.

In April 2001, Mediaceja had a disagreement with Sergeant Jeffrey Robinson, a guard at the Supermax Correctional Institution in Boscobel, Wisconsin. Robinson had accused Mediaceja of violating prison rules by not returning used dental floss and by altering a pen with a piece of string. In response Mediaceja covered his cell window with a pillow and blocked the video camera, both forbidden actions at the facility. He did not respond to Robinson's commands to remove these barriers. When Robinson then heard from a nearby inmate that Mediaceja was planning to commit suicide, he called for assistance

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

from Lieutenant Horner. Mediaceja continued to be unresponsive, so Horner led a team into his cell and forcibly removed him.

The details of the cell entry and the resulting injuries to Mediaceja were disputed. Mediaceja and another inmate insisted afterward that Mediaceja did not resist being restrained, and that Horner's team nevertheless smashed his face against the floor, choked him, dragged him down a hallway, and repeatedly struck him. Mediaceja claimed that the extraction left him bruised all over his legs, arms, and back; and that the guards' abuse caused him to suffer migraines and problems with his eyesight. The guards countered that Mediaceja indeed resisted, prompting them to control the situation with three knee strikes to his abdomen before forcibly restraining him on the floor. They maintained that Mediaceja's injuries were confined to superficial cuts near his right eye and left elbow, hip pain, and momentary vision trouble.

Mediaceja first exhausted his administrative remedies, and then in January 2002 he sued the members of the extraction team. The district court limited the case to Mediaceja's claim that the defendants used excessive force during the extraction, in violation of the Eighth Amendment. In his complaint Mediaceja noted that, because of what he described as his limited English skills and lack of formal education, an appointed lawyer might be necessary later in the proceedings.

Nine weeks later, in March 2002, the guards moved for summary judgment on the basis of qualified immunity and the "de minimus" force used during the cell extraction. In response Mediaceja submitted an affidavit attesting to his version of events along with a formal request for the appointment of counsel. The court accepted the affidavit as Mediaceja's response and

denied summary judgment except as to four guards against whom Mediaceja had not specifically alleged the use of excessive force. But the court refused to appoint counsel, explaining only that Mediaceja's motion was "untimely" because the trial date was just a month away. The court also denied Mediaceja's motion for an interpreter. Mediaceja did not submit any proposed voir dire, jury instructions, or other pretrial motions.

Although Mediaceja has not provided us with a transcript of the trial, it appears that he testified and presented corroborating testimony from another inmate. The guards testified as well, and also presented an expert on excessive force and introduced Mediaceja's medical records and a videotape of the cell extraction. The jury found for Horner and the other guards.

On appeal Mediaceja's sole challenge is to the district court's refusal to enlist counsel on his behalf. He argues that his case was complex and that his limited English and legal skills made proceeding to trial without a lawyer a "mockery" of justice. Mediaceja reasons that his excessive force claim was necessarily meritorious because it survived summary judgment, and that the difficulties of conducting discovery without an attorney greatly damaged his chances of success. At a minimum, he argues, he should have received the help of a lawyer to conduct the trial itself. He asks that he be granted a new trial, this time with the aid of an attorney.

Generally a federal court need not enlist counsel for an indigent civil litigant, but it does have the discretion to do so. 28 U.S.C. § 1915(e); *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir.1997). Typically, the district court should examine the background of the litigant, the complexity of the issues, and the likelihood that having counsel will affect the outcome. *See Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995). And as a threshold matter the

district court should insist that the litigant attempt to retain counsel on his own. *Jackson v. County of McLean,* 953 F.2d 1070, 1073 (7th Cir.1992). Our review of the district court's decision is only for abuse of discretion. *Weiss v. Cooley,* 230 F.3d 1027, 1034 (7th Cir.2000). We ask whether, at the time of the motion, the plaintiff appeared competent to litigate his case given its level of complexity, and, if not, whether having a lawyer would have made a difference in the outcome. *Luttrell,* 129 F.3d at 936.

The district court did not analyze Mediaceja's motion for appointment of counsel in these terms, but instead simply denied it as "untimely." Of course, if a motion is made simply to delay the trial, it should be denied. *United States v. Huston,* 280 F.3d 1164, 1167 (7th Cir.2002). But we see no reason why a pro se litigant should not retain the flexibility to request counsel if the development of his case reveals a need that was not apparent earlier. *See Holt v. Ford,* 862 F.2d 850, 852 (11th Cir.1989)(en banc)(explaining that order denying appointed counsel is one a district court generally would anticipate reassessing as litigation progresses). It may well be that Mediaceja was competent to submit legal documents with the help of an inmate paralegal but lacked the skills to conduct a trial. In that case, an earlier request would have been premature. *See Knox v. Cook County Sheriff's Dep't,* 866 F.2d 905, 906–07 (7th Cir.1988). Especially given the speed at which Mediaceja's case progressed to trial, we cannot understand how his motion for appointment could be characterized as untimely when he made it as soon as he had seen and addressed the defendants' motion for summary judgment.

Nonetheless, on the record before us, we are also unable to conclude that counsel would have made a difference in Mediaceja's case. It is true that Mediaceja claims to have difficulty speaking English, which

can be a valid reason for appointing counsel. *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 307 (7th Cir.1993). However, we cannot gauge the level of Mediaceja's English skills or the extent to which they failed him at trial because he has not fulfilled his responsibility to provide us with a transcript. Fed. R.App. P. 10(b)(2). Without the only record of Mediaceja's performance, defective or otherwise, meaningful review is not possible. *LaFollette v. Savage,* 63 F.3d 540, 544 (7th Cir.1995). All we have are Mediaceja's written filings here and in the district court, and while we cannot say that he did not have help preparing them, they show no sign that Mediaceja's language deficiencies hindered the presentation of his arguments.

Ultimately, though, we conclude after having viewed the videotape of the cell extraction that no reasonable jury could have found in his favor. *See Wilson v. Spain,* 209 F.3d 713, 717 (8th Cir.2000)(summary judgment proper where videotape showed that force officer used when entering cell was reasonable); *see also Vandenplas v. City of Muskego,* 753 F.2d 555, 560–61 (7th Cir.1985)(videotapes supported jury's rejection of excessive force claim). The footage is clear and unobstructed, and extends from prior to the cell entry to the end of Mediaceja's medical exam. It fully supports the guards' contention that they used only the force necessary to control the situation. Because we do not believe that any attorney could have overcome the video's negative impact on Mediaceja's claim that he was the victim of excessive force, we cannot say that Mediaceja was prejudiced by the denial of his motion for counsel.

AFFIRMED.