Robert MURDOCK, Plaintiff–Appellant,

v.

Odie WASHINGTON, et al., Defendants–Appellees.

No. 98–2419.

United States Court of Appeals, Seventh Circuit.

Submitted May 25, 1999.

Decided Oct. 1, 1999.

Robert Murdock, Jacksonville Correctional Center, Jacksonville, IL, for Plaintiff–Appellant.

Debra A. Zisook, Office of the Attorney General, Chicago, IL, for Defendants–Appellees.

Before FAIRCHILD, COFFEY, and RIPPLE, Circuit Judges.

PER CURIAM.

On August 28, 1997, Robert Murdock, a state prisoner, filed a civil rights action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102 *et seq.*, against eight defendant prison officials associated with the Taylorville Correctional Center. Murdock alleged that the defendants violated the ADA and denied him due process by not allowing him to participate in the prison's culinary arts program because he refused to submit to an HIV test. Further, Murdock claimed that the defendants violated his due process rights when they confiscated his property during a "shakedown." The defendants moved to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the defendants' motion and dismissed the action without prejudice. In addition, the district court denied Mur-

**512**

dock's request for appointment of counsel and his motion for entry of default judgment against one defendant who had been inadvertently omitted from the defendants' initial motion to dismiss. Murdock appeals the dismissal and the denial of his two motions. We affirm.

In his complaint, Murdock alleged that the defendants, various prison officials, violated the ADA and the Fourteenth Amendment by declining to allow him to enroll in a culinary arts class without first taking an HIV test. He also alleged that prison officials had violated his Fourteenth Amendment rights when they confiscated several items of personal property from him.

The defendants moved to dismiss Murdock's complaint for failure to state a claim upon which relief can be granted, and Murdock moved for appointment of counsel. He also moved for entry of a default judgment against one of the defendants who had failed to answer or file a motion to dismiss. The defendants responded by amending their motion to dismiss and filing a response to the motion for default notifying the court that they had inadvertently omitted a defendant's name when the initial motion to dismiss was filed.

The district court denied Murdock's motion for appointment of counsel, finding that Murdock had not demonstrated any exceptional circumstances requiring appointment of counsel, and that Murdock was capable of articulating his claims and the supporting facts. The district court also allowed the defendants to amend their motion to dismiss and then denied Murdock's motion for default as moot, since the previously omitted defendant had then joined the motion to dismiss.

The district court dismissed Murdock's complaint under Federal Rule of Civil Procedure 12(b)(6). First, the district court found that because Murdock alleged in his complaint that he is not HIV-positive and did not allege that prison officials perceived him in any way as disabled, the ADA does not apply to Murdock. He is not a "qualified individual with a disability." *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 1955–56, 141 L.Ed.2d 215 (1998).

■ Further, as the defendants point out in their brief, Murdock did not allege that if he had acceded to the test and tested positive, he would have then been forbidden to participate in the class. Thus, he failed to allege that he was barred from the class *because of* a disability. Instead, he was prohibited because he refused to be tested for HIV. Although Title I of the ADA, prohibiting disability discrimination in employment, has a section limiting medical testing for disabilities, *see* 42 U.S.C. § 12112(d)(2)-(4), and does not require that an individual be disabled to state a claim, it does not apply to Murdock's case because Murdock is an inmate of the prison, not an employee or job applicant. *See Griffin v. Steeltek, Inc.*, 160 F.3d 591, 594 (10th Cir.1998) (Title I of the ADA, "explicitly prohibits employers from making disability-related inquiries of employees, unless the inquiry is job-related or consistent with business necessity. This provision applies to all employees ... [and] is not limited to qualified individuals with disabilities."), *cert. denied*, — U.S. —, 119 S.Ct. 1455, 143 L.Ed.2d 542 (1999). Title II of the ADA, the section that applies to Murdock's claim against prison officials, has no analogous provision proscribing or limiting testing. Thus, Murdock's complaint failed to show that he is a "qualified individual with a disability" such that the protections of the ADA apply to him.

The district court also ruled that Murdock failed to allege a violation of the Fourteenth Amendment because he had no protected property or liberty interest in educational or recreational programs. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Finally, the district court dismissed Murdock's claims regarding his confiscated property, concluding

that he had an adequate post-deprivation remedy in state court. *See Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

■ Even accepting Murdock's allegations as true, *see Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1*, 143 F.3d 351, 359 (7th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 800, 142 L.Ed.2d 661 (1999), we conclude that the district court properly dismissed his complaint. Murdock did not allege that he was a "qualified individual with a disability" (real *or* perceived) subject to the protections of Title II of the ADA. *See* 42 U.S.C. § 12102(2)(C) (defining "disability" to include an actual or perceived impairment). Indeed, Murdock pleaded himself out of court. *See Warzon v. Drew*, 60 F.3d 1234, 1239–40 (7th Cir. 1995). Twice in his complaint he averred that he is not HIV-positive. In addition, he alleged that it is Taylorville policy to require HIV testing before allowing inmates to participate in the cooking classes. Thus, there was no discrimination because the testing is required of any inmate who wishes to take the class. Consequently, Murdock did not show that he has a disability or that the prison discriminated against him. He failed to state a claim under the ADA.

■ The Fourteenth Amendment offers no assistance to Murdock. The district court correctly found that he had no liberty or property interest in attending the cooking class. *See Sandin v. Conner*, 515 U.S. 472, 485–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Higgason v. Farley*,

83 F.3d 807 (7th Cir.1996) (per curiam); *Garza v. Miller*, 688 F.2d 480, 485 (7th Cir.1982), *cert. denied*, 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983); 20 Ill. Admin. Code § 405.20(a) (1996). Consequently, he also failed to state a claim under the Fourteenth Amendment.

■ Murdock also claimed that the confiscation of his property—patched jeans, styrofoam, and carbon paper—violated his due process rights under the Fourteenth Amendment. The district court, however, properly dismissed this claim as well. A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property. *See Parratt*, 451 U.S. at 543–44, 101 S.Ct. 1908, *overruled on other grounds, Daniels*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir.1993); 705 ILCS 50⅝ (1996).

■ Finally, the district court did not abuse its discretion in denying the motion for appointment of counsel or the motion for default judgment. *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). The court properly concluded that Murdock was capable of presenting his case and that his claims were of doubtful merit in any event. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir.1995).

For the foregoing reasons, the judgment of the district court is AFFIRMED.