**Harold D. VANN NELSON, Plaintiff–Appellant,**

v.

**CITY OF CHICAGO, a municipal corporation, Defendant–Appellee.**

**No. 00–3433.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 17, 2001.*

Decided Aug. 21, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before MANION, ROVNER, EVANS, Circuit Judges.

## ORDER

Harold Dell Vann Nelson, an African American man, sued the City of Chicago for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Nelson, employed in July 1996 in the City's Sewer Department, alleged that the City created a hostile work environment and then suspended and terminated him in retaliation for filing a discrimination charge with the Equal Employment Opportunity Commission. The district court granted summary judgment to the City. The court found that Nelson had abandoned his hostile work environment claim. The court also concluded that Nelson presented no direct evidence of discrimination and no evidence under the indirect burden-shifting test that the City's proffered reasons for suspending and firing him were pretextual. Nelson appeals, and we dismiss his appeal for noncompliance with Federal Rule of Appellate Procedure 28(a)(9).

Rule 28(a)(9)(A) specifies that an appellant's brief must contain the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Nelson's brief fails to comply with Rule 28(a)(9); it states no comprehensible argument and no citation to authority or the record.[1] Nelson fails even to mention the district court's order granting summary judgment, except to say that "[t]he

retaliatory component of the law was not address [sic] until Judge Charles Norgle ruled in favor of the defendant's summary judgment." This assertion tells us nothing about why Nelson thinks the district court erred. The only other contention we can discern from Nelson's papers is that the district court should have appointed new counsel for him after permitting his attorney—whom, we note, the court appointed after Nelson's first attorney withdrew—to withdraw. Again, Nelson says nothing about why he thinks the district court abused its discretion in refusing to appoint counsel and does not contend even generally that the presence of counsel would have made any difference.[2]

Although we construe pro se filings like Nelson's liberally, even pro se litigants are expected to include legal argument and some supporting authority in their briefs. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001); *see also Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced."). Litigants like Nelson who fail to make legal arguments supported by authority forfeit appellate review of their claims, *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998), and "should expect that noncompliance with Rule 28 will result in dismissal of the appeal," *Anderson*, 241 F.3d at 545–46 (citing *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir.1984)). Because Nelson fails to identify any error, and we see no obvious

---

**1.** We also note that Nelson's brief lacks a statement of facts, *see* Fed. R.App. P. 28(a)(7); Cir. R. 28(c), and fails to include a copy of the district court's order from which he appeals, *see* Fed. R.App. P. 30(a)(1)(c); Cir. R. 30(a).

**2.** We review a district court's refusal to appoint counsel in a civil case for abuse of discretion. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir.1999), *cert. denied*, 529 U.S.

1134, 120 S.Ct. 2015, 146 L.Ed.2d 963 (2000). To determine if the district court should have appointed counsel, we ask whether, given the difficulty of the case, the plaintiff appeared competent to try it himself and, if not, whether the presence of counsel would have made a difference in the outcome. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

error in the district court's thorough and well-reasoned decision, his appeal is

DISMISSED.