**F I L E D**

**UNITED STATES COURT OF APPEALS**

**NOV 29 2001**

**FOR THE TENTH CIRCUIT**

TONY LAMAR VANN,

      Plaintiff-Appellant,

v.

OKLAHOMA STATE BUREAU OF
INVESTIGATION; A. DEWADE
LANGLEY, Director of OSBI; JERRY
V. HIRE, Deputy Director of OSBI,

      Defendants-Appellees.

No. 01-6102
(D.C. No. 00-CV-880-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tony Lamar Vann appeals from the district court's order dismissing his complaint brought pursuant to 42 U.S.C. § 1983 against the Oklahoma State Bureau of Investigation (OSBI), its director, A. Dewade Langley, and its deputy director, Jerry V. Hire. Vann's complaint charges that the defendants created and maintained false or incorrect information in his criminal history record, resulting in his being denied parole and access to a lower-level security classification and prison programs. The complaint asserts legal claims for "false documentation," slander, irreparable injury to reputation, conspiracy, "imparting or conveying false information," and "false records and reports." R. doc. 2 at 3. Vann seeks damages, including punitive damages, and expungement or deletion of the false information from his criminal history record.

The magistrate judge assigned to this case filed a report and recommendation in which he reasoned that Vann had failed to allege the deprivation of any constitutional right. The district court adopted the recommendation and dismissed Vann's complaint pursuant to Fed. R. Civ. P. 12(b)(6). We review this dismissal *de novo*, accepting the well-pleaded allegations of Vann's complaint as true, and viewing them in the light most favorable to him. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001).

Vann's principal argument on appeal is that the district court deprived him of his Seventh Amendment right to jury trial by entering the 12(b)(6) dismissal. The proper entry of a 12(b)(6) dismissal does not violate the Seventh Amendment, however, because where such a dismissal is appropriate, there is no issue for trial. *Christensen v. Ward*, 916 F.2d 1462, 1466 (10th Cir. 1990). As will be seen, the 12(b)(6) dismissal was entirely appropriate here.

1. Damage claims

The OSBI is charged by Oklahoma statute with maintaining criminal history records on persons subject to the mandatory reporting provisions of the State Bureau of Investigation Act. Okla. Stat. tit. 74 § 150.9(A). Vann does not allege that OSBI or its officers did anything to harm him other than maintaining and disseminating false information about him, collected pursuant to the Act, to prison officials. A government agency's publication of false or defamatory information is not, by itself, a constitutional violation; rather, the plaintiff must show that an additional action taken on the basis of the information (sometimes called "stigma plus") deprived him of a liberty or property interest secured by the Constitution. *Paul v. Davis*, 424 U.S. 693, 712 (1976). [1]

---

[1] We note at the outset that it is unclear whether Vann can bring a cause of action for deprivation of a liberty interest based on actions taken by third parties (prison officials) in response to allegedly defamatory remarks made by defendants (OSBI and its officers). At least one circuit has interpreted *Siegert v. Gilley*, 500

(continued...)

-3-

Vann advances three specific actions that prison officials took as the result of receiving the false information that affected his interests. First, he lost access to a lower level security classification. Second, he was denied access to prison programs. Finally, he was denied parole. We must determine whether any of these affected interests is constitutionally protected for purposes of the "stigma plus" analysis.

State statutes and regulations, including prison regulations, can create liberty interests subject to due process protections. *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999). In *Sandin v. Conner*, 515 U.S. 472 (1995), however, the Supreme Court limited the scope of recognized liberty interests applicable to prisoners to those representing an "atypical, significant deprivation in which a

---

[1](...continued)
U.S. 226 (1991) to foreclose claims that third parties relied on false or defamatory information to deny plaintiff employment. *See Aversa v. United States*, 99 F.3d 1200, 1216 (1st Cir. 1996). A recent case from this circuit also seems to hold that *Siegert* bars liberty interest claims for denial of employment based on actions taken by third parties. *Stidham*, 265 F.3d at 1154.

*Stidham* does not expressly overrule *Lancaster v. Independent School District No. 5*, 149 F.3d 1228, 1235 (10th Cir. 1998), however. Our decision in *Lancaster* implies that a liberty interest claim "'for stigma or other disability that foreclosed [an employee's] freedom to take advantage of other employment opportunities'" survives *Siegert*. *Id.* (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972) (emphasis omitted)). This rule may open the door for other types of "third party claims" like the one Vann asserts here. We need not resolve whether *Stidham* or *Lancaster* correctly states the rule, however, because Vann's claims fail for the other reasons noted herein.

-4-

state might conceivably create a liberty interest." *Id.* at 486. Following *Sandin*, this court has held that an inmate has no liberty interest in a particular security classification in prison. *Lile v. McKune*, 224 F.3d 1175, 1183-84 (10th Cir. 2000), *cert. granted*, 121 S. Ct. 1955 (2001) (No. 00-1187). Under *Sandin*, Vann had no constitutionally-protected interest in his security classification for purposes of the "stigma plus" analysis.

Vann fails to identify any specific prison program to which he has been denied access. Generally speaking, denial of access to prison programs does not constitute an atypical, significant deprivation sufficient to establish a liberty interest. *Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000) (treatment program); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (cooking class), *cert. denied*, 529 U.S. 1134 (2000). For this reason, Vann's complaint fails to state a claim for denial of a liberty interest in access to prison programs.

The magistrate judge further concluded that as an Oklahoma state prisoner, Vann did not have a liberty interest in parole. *See, e.g., Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979). Vann's claim about parole suffers from an additional defect. If he were successful in showing that parole was denied because of false information contained in his criminal history report, this would necessarily cast doubt on the parole decision itself. Before bringing a damage claim that casts doubt on the length of a prisoner's continued incarceration, the

prisoner must first pursue a successful action for habeas corpus. *Edwards v. Balisok*, 520 U.S. 641 (1997); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 & n.1 (9th Cir. 1997) (barring action for damages where inmate, who had not yet pursued his claim through a writ of habeas corpus, sought damages because false information in prison file was used to deny parole).

We conclude that Vann has failed to allege that the defendants' allegedly false statements damaged any of his constitutionally-protected interests. His damage claims under § 1983 therefore fail.

2. Claims for injunctive relief

By definition, the injunctive relief that Vann seeks here cannot be obtained in a § 1983 proceeding unless he has first shown a constitutional violation. 42 U.S.C. § 1983 (stating that a plaintiff who alleges a "deprivation of any rights, privileges or immunities secured by the Constitution and laws" of the United States may seek injunctive relief). Vann has failed to allege a constitutional violation and is therefore not entitled to injunctive relief pursuant to § 1983.

Vann's complaint was properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6). This proper dismissal did not deprive him of his Seventh Amendment right to jury trial. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. [2]

Entered for the Court

David M. Ebel
Circuit Judge

---

[2] Vann also includes, in his brief on appeal, the following arguments: (1) that counsel for the defendants violated Fed. R. Crim. P. 12(f) by failing to address issues that he raised; and (2) that the magistrate judge improperly cited unpublished opinions without attaching them to his report and recommendation. These remaining arguments are frivolous and do not justify reversal.