**Joann M. ALEK, Plaintiff–Appellant,**

v.

**UNIVERSITY OF CHICAGO HOSPITALS, Defendant–Appellee.**

No. 02–2816.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 16, 2002.*

Decided Dec. 16, 2002.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

ORDER

Joann Alek filed suit under the Americans with Disabilities Act, 42 U.S.C. § 12102 et seq., alleging that her former employer, the University of Chicago Hospitals, discriminated against her because of her disability. The district court granted summary judgment to UCH, finding that she had failed to produce evidence that UCH's proffered reasons for not rehiring her were untrue, and Alek appeals. We affirm.

Alek was hired by UCH in 1989 as a secretary in its Vascular Lab. She suffered from compressed radial nerves in both arms, however, and pain in her arms prevented her from performing her job tasks, such as answering the phone, filing charts, and transcribing reports. Accordingly, in early 1994 she was placed on long-term disability, which UCH treated as a voluntary termination of her employment. Alek then underwent several surgeries to decompress her nerves. Her pain diminished over time and in 1998 she was cleared to return to work; at that point her disability benefits were discontinued.

In early 1999 Alek applied for two open positions at UCH. A temporary employee at UCH's employment office contacted her and scheduled a date for her to take certain employment tests. The day before testing was to take place, Alek delivered a letter to the employment office seeking accommodations for her nerve compression during the test, including the use of a special writing device called a "writing bird" and voice-recognition computer software. She was informed by UCH that her testing would be rescheduled and that the employment office was working on accommodations for her. However, UCH never contacted her regarding her employment application or accommodation requests.

Alek filed a charge of discrimination with the EEOC, asserting that UCH had discriminated against her based on her disability when it refused to make accommodations for her pre-employment testing and failed to rehire her. The EEOC issued a right-to-sue letter and she filed a timely suit under the ADA in the Eastern District of Kentucky. The case was transferred to the Northern District of Illinois, and after discovery was completed the parties filed cross-motions for summary judgment. The district court granted UCH's motion and denied Alek's, concluding that she had failed to show that the numerous legitimate reasons proffered by UCH for not hiring her—poor performance, as reflected in disciplinary letters and unsatisfactory performance reviews from her employee file and incidents of rude or inappropriate behavior—were a pretext for discrimination, and that she was precluded from claiming that UCH failed to accommodate her disability during pre-employment testing because she did not actually reach the testing stage.

Alek's *pro se* brief on appeal is difficult to understand, and may even run afoul of Federal Rule of Appellate Procedure 28(a) because it lacks a statement of the facts with citations to the record. However, if we construe it liberally, Alek appears to assert that the district court erroneously granted UCH's motion for summary judgment because 1) UCH did not "engage in a continuing interactive process to identify and implement appropriate reasonable accommodations" for her testing, and 2) UCH's proffered reasons for not rehiring her must be lies because the disciplinary actions and performance reviews it relied upon were too far removed from its decision to be the true motivating factor. We review the district court's grant of sum-

mary judgment *de novo,* drawing all reasonable factual allegations in Alek's favor. *Dvorak v. Mostardi Platt Assoc., Inc.,* 289 F.3d 479, 483 (7th Cir.2002).

■ Alek first challenges the district court's conclusion that she failed to demonstrate that UCH's proffered reasons for not rehiring her were a pretext for discrimination. In the discrimination context pretext means "a dishonest explanation, a lie rather than an oddity or an error." *Peters v. Renaissance Hotel Operating Co.,* 307 F.3d 535, 545 (7th Cir.2002) (citation omitted). We do not sit as a "superpersonnel department" weighing the wisdom of a hiring decision, but are concerned only with whether the employer's explanation for its action was honest. *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 984 (7th Cir.2001) (citations omitted). UCH proffered legitimate reasons for not rehiring Alek, including that her employment file contained evidence of past disciplinary problems and poor performance, and that she had been rude to a UCH receptionist when visiting the human resources department. But Alek provided no evidence that the explanations had no basis in fact, were not the real reason for the decision not to rehire her, or were insufficient to motivate UCH's action. *See Hoffman–Dombrowski v. Arlington Int'l Racecourse, Inc.,* 254 F.3d 644, 652 (7th Cir.2001). While Alek questioned in the district court whether the disciplinary actions and poor performance reviews were justified, she did not show that UCH did not honestly believe that her prior unsatisfactory performance precluded rehiring her. The court thus correctly found that Alek had failed to demonstrate that UCH's actions were a pretext for disability discrimination.

■ Alek's other claim that UCH failed to accommodate her during testing is precluded by the fact that she never actually reached the testing phase of UCH's hiring process. An affidavit from Janine Sinclair–Burns, UCH's former recruiting manager, establishes that she reviewed Alek's file after a testing date had been set up and determined that Alek's previous work performance at UCH precluded her being considered for any position with UCH. Thus, UCH did not "proceed with any practical testing of her," and there was no need for it to engage in an interactive accommodation process.

Alek's brief appears to also raise a host of other issues that require little discussion. She first argues that the district court's admission of Sinclair–Burns's affidavit violated her Fourth Amendment rights because a videotape mentioned in the affidavit was procured by illegal means. But the Fourth Amendment does not reach the conduct of private actors, *see United States v. Papajohn,* 212 F.3d 1112, 1122 (8th Cir.2000); *United States v. Shahid,* 117 F.3d 322, 325 (7th Cir.1997), and Alek presents no evidence that a government official or someone acting as an agent of the government conducted the surveillance she challenges.

■ Alek also argues that the district court erred by refusing to appoint her an attorney. At the time she filed her complaint, she requested appointment of counsel which the court denied without prejudice. She renewed that request a little over a month after being granted leave to proceed *in forma pauperis.* But neither request presented the court with any evidence that she would be unable to adequately present the case herself or that the issues presented were overly complex. *See Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir.1997). In any event, this case is without merit and it is doubtful that an attorney could have brought about a different result. *Id.* at 265; *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir.1999)

(per curiam). Alek has thus failed to demonstrate that the court abused its discretion by declining to appoint an attorney to represent her. *Forbes*, 112 F.3d at 264.

Alek's remaining arguments, including that 1) her "rights were violated" because she was deposed for 13 hours; 2) the court should have excluded letters from several doctors under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); 3) UCH's recordkeeping allowed it to "improperly commingle plaintiff's confidential information with nonconfidential personnel information in violation of ADA's recordkeeping requirements;" and 4) the district court abused its discretion by awarding costs incurred by UCH in bringing a motion to compel, were not presented in the district court or are not supported by either citation to the record or relevant cases, and are accordingly waived. *See* Fed. R.App. P. 28(a)(9); *Muhich v. C.I.R.*, 238 F.3d 860, 864 n. 10 (7th Cir.2001); *Varner v. Illinois State Univ.*, 226 F.3d 927, 936–37 (7th Cir.2000), *cert. denied*, 533 U.S. 902, 121 S.Ct. 2241, 150 L.Ed.2d 230 (2001).

In its brief, UCH argues that we should reverse a stay imposed by the district court on enforcement of a judgment awarding it costs, asserting that Alek lied in an affidavit of indigence. But UCH did not file a cross-appeal from the district court's grant of the stay, and we therefore will not consider its arguments. *See Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1117 (7th Cir. 1997); *E.E.O.C. v. Chicago Club*, 86 F.3d 1423, 1431–32 (7th Cir.1996).

AFFIRMED.