**Rick MANNING, Plaintiff–Appellant,**

v.

**UNKNOWN PARTIES, Psychological Services Advisory Committee, et al., Defendants–Appellees.**

No. 02–2132.

United States Court of Appeals, Sixth Circuit.

March 4, 2003.

Before MOORE and GIBBONS, Circuit Judges; and COHN, District Judge.*

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michi-

gan, sitting by designation.

*ORDER*

Rick Manning, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Manning sued "Unknown Parties," Richard Shaul, Jud Gildersleave, Clayton Strasasko, and Hampton Walker. The named defendants are members of the Michigan Department of Corrections Psychological Services Advisory Committee (PSAC). Manning alleged that the defendants violated his due process rights when they denied his request to participate in a prison program for assaultive offenders. Manning claimed that he had to complete the program to be eligible to be considered for early release. The district court granted Manning in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). The court also denied Manning's motion for reconsideration.

In his timely appeal. Manning argues that he has a right to participate in the assaultive offender program because the parole board mandates that he complete the program to be considered for release.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that the district court properly dismissed Manning's complaint for failure to state a claim. When Man-

ning entered prison, the Reception and Guidance Center (RGC) recommended that he complete a program on impulse control. The prison denied Manning's requests to enter a rehabilitation program for assaultive offenders. The PSAC told Manning that he was ineligible because he is serving a life sentence, and would not be assessed for entering the program unless the parole board requested it. The parole board informed Manning that he had to complete the RGC recommendations, but that the board was not responsible for entering him into the assaultive offender program. In his complaint, Manning claimed that he had a constitutionally protected liberty interest in participating in the program.

Manning did not raise a constitutional claim. A Fourteenth Amendment procedural due process claim depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). In general, a prisoner has no constitutional right to rehabilitation. *Rhodes v. Chapman,* 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Coakley v. Murphy,* 884 F.2d 1218, 1221 (9th Cir.1989). Nor is Manning's situation a case where the defendants' actions will inevitable affect the duration of his sentence. *See Sandin v. Conner,* 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999). Manning concedes that he is not eligible for parole under Michigan law because he is serving a life sentence for first-degree murder. *See* Mich. Comp. Laws § 791.234(6). The possibility of release upon reprieve, commutation, or pardon depends entirely on the discretion of the governor. *See* Mich. Const.1963 art. 5, § 14; Mich. Comp. Laws § 791.244. Just as the presence of a parole system does not give rise to a constitutionally protected liberty interest in parole, *see Bd. of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the power of the governor of Michigan to grant a reprieve, commutation, or pardon does not create a liberty interest in such release.

Accepting Manning's allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.