ORDER AND JUDGMENT*
DEANELL REECE TACHA, Circuit Judge.
After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
Plaintiff-Appellant George Dean Washington, a state prisoner proceeding pro se, appeals from the dismissal of his complaint brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.
I. DISCUSSION
Mr. Washington is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. He sought admission into the Center’s Gateways Through the Rockies Program, which is a program offered to inmates to assist them with education, counseling, work experience, social skills, and post-release support. In his complaint, Mr. Washington alleges that prison officials did not allow him to participate in the program because they erroneously believed he had a history of violent offenses. He asserts that the officials’ conduct violated his due process rights under the Fifth and Fourteenth Amendments. He further alleges that he was denied access to legal materials that would have assisted him in filing his § 1983 claim.
The district court correctly determined that Mr. Washington’s complaint did not state a claim for a due process violation. As the district court pointed out, the Constitution guarantees due process only for deprivations of life, liberty, or property. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir.1994). The ability to participate in a rehabilitative prison program clearly does not implicate life or property interests. Nor is the denial of access to such programs a deprivation of a liberty interest. See Battle v. Anderson, 564 F.2d 388, 403 (10th Cir.1977) (“[A]n inmate does not have a federal constitutional right to rehabilitation.”). See also Stanley v. Litscher, 213 F.3d 340, 342 (7th Cir.2000) (no liberty interest in prison treatment program); Murdock v. Washington, 193 F.3d 510, 513 (7th Cir.1999) (no liberty interest in prison cooking class).
The district court also correctly determined that Mr. Washington had not prop *742 erly asserted a claim for the denial of access to legal materials. Mr. Washington’s complaint and attached exhibit demonstrate that an unidentified prison official did not provide him with requested legal forms. The official would not provide the forms because Mr. Washington had not been approved to use the law library. Because Mr. Washington did not allege personal participation by any named defendant, see Trujillo v. Williams, 465 F.3d 1210, 1227-28 (10th Cir.2006), the district court- ordered him to file an amended complaint.
Mr. Washington’s amended complaint explains that he has named defendant Fran LePage because she writes the library rules, but the amended complaint does not assert any facts in support of a claim for the denial of access to legal materials. Even if we consider the factual allegations in the initial complaint, there is no connection between those facts and Ms. LePage. Thus, this claim was also properly dismissed.
II. CONCLUSION
The judgment of the district court is AFFIRMED. Mr. Washington’s motion for leave to proceed without prepayment of costs and fees is GRANTED. Mr. Washington is reminded of his obligation to continue making partial payments until the entire fee has been paid.

 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.